UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENYA CARRINGTON and BRITTNEY ALEXANDER, *on behalf of themselves and all others similarly situated,*<br><br>*Plaintiffs*,<br><br>-against-<br><br>BUTH-NA-BODHAIGE, INC. doing business as "THE BODY SHOP" and AURELIUS CAPITAL MANAGEMENT, LP,<br><br>*Defendants*. | Index No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Kenya Carrington and Brittney Alexander ("Plaintiffs"), bring this class action complaint pursuant the laws stated hereunder against defendant BUTH-NA-BODHAIGE, INC. ("Defendant") and AURELIUS CAPITAL MANAGEMENT, LP ("Aurelius") allege as follows on behalf of themselves and the putative class:

1. Plaintiffs bring this action, on behalf of themselves, and the more than 500 other similarly situated former employees who were terminated in a mass layoff. These employees were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act") and the New York Worker Adjustment and Retraining Notification Act, N.Y. Labor Law §§ 860 et seq. (the "NY WARN Act").

2. Plaintiffs seek declaratory and injunctive relief; all back pay, benefits or the value thereof, and penalties available to them under the NY WARN Act; their reasonable attorney fees and costs under the statute; and all other appropriate legal and equitable relief.

3. Plaintiffs and the other Class members were employees of Defendant who were terminated without cause on their part, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant.

1

4. Defendant failed to give the Plaintiffs and the other Class members advance written notice of their termination and/or failed to "give as much notice as practicable."

5. This Court has jurisdiction because this action raises federal law claims, and the Court can take supplemental jurisdiction of the related state law claims.

6. Upon information and belief, at all relevant times, Defendant BUTH-NA-BODHAIGE, INC. doing business as "THE BODY SHOP" is a Delaware corporation with a principal place of business in New York.

7. Upon information and belief, at all relevant times, AURELIUS CAPITAL MANAGEMENT, LP, is a private equity firm serving customers in the United States. Aurelius operates out of New York and maintains offices in Manhattan.

8. Upon information and belief and according to publicly available news sources, Defendant's former corporate parent, Natura & Co., began to pursue strategic alternatives in August 2023 due to declining sales revenues.

9. Upon information and belief and according to publicly available news sources, Defendant was sold to private equity group Aurelius for $257 million in November 2023.

10. At the time, Aurelius made no disclosure about impending layoffs.

11. Defendant Aurelius employed Plaintiffs and similarly situated employees, in that, inter alia, they: a) maintained centralized control over payroll and other personnel policies including manner and rates of pay and incentive and benefits programs as described in its motions to this Court; b) was the majority or sole shareholder and owner for The Body Shop employees in the United States including Plaintiffs and the putative class; c) made the decision to order mass layoffs and terminate Plaintiff and similarly situated employees without notice, with a plan to file for bankruptcy protection; and d) provided The Body Shop managerial, financial, operational and administrative support on which it substantially depended.

12. Accordingly to publicly available news sources, and the Defendants' own termination email to Plaintiffs, the Defendant's corporate parent, The Body Shop International Limited, filed for bankruptcy in the United Kingdom on February 13, 2024.

13. Even then, still Defendants gave no notice of impending layoffs.

14. On March 1, 2024, Defendants filed a WARN notice with New York regulators under the name Buth-Na-Bodhaige, Inc. d/b/a The Body Shop, and confirmed that 28 employees were being laid off from a facility in New York effective March 1, 2024. The address listed for this event was 368 9th Avenue, New York, NY 10001 with 28 employees being listed for that location. The notice did not list the 5375 Kings Plz Space #2230, Brooklyn, NY 11234 The Body Shop Store where Plaintiffs worked, nor the 2655 Richmond Ave, Staten Island, NY 10314 The Body Shop Store which also appears via a Google Search, nor any other The Body Shop locations outside of New York City in other areas of New York State.

15. On March 1, 2024, Defendants terminated Plaintiffs and approximately 40 employees in New York State.

16. The termination was with less than 24 hours notice.

17. Defendants could have, but failed to, notify Plaintiffs of its plans well in advance of March 1, 2024.

18. It chose not to in a flagrant disregard for their workforce and the requirements of the WARN laws.

19. Defendants' failure to provide its employees with any advance written notice had a devastating economic impact on Plaintiffs and the putative class members.

3

## WARN ACT CLASS ALLEGATIONS

20. Plaintiffs bring a class claim for violation of 29 U.S.C. § 2101 *et seq*. on their own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendants' Facilities and were terminated without cause from about February 1, 2024 through the present date, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants from this period, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

21. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

22. The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendants.

23. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records, including electronic records, of the Defendants.

24. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendant's Facilities;

(b) whether Defendants, as a single employer, unlawfully terminated the employment of

4

the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendants' unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

25. Plaintiffs' claims are typical of those of the WARN Class. The Plaintiff, like other WARN Class members, worked at or reported to one of Defendants' Facilities and was terminated without cause during the relevant period, due to the mass layoffs and/or plant closings ordered by Defendants.

26. Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

27. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

28. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

29. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

30. Plaintiffs in addition to brining federal claims also bring a class claim under the NY WARN ACT, and allege as a result of Defendants' violations, Plaintiffs and the other Class members are entitled under the NY WARN Act to recover from the Defendant their respective compensation and benefits for 60 days, no part of which has been paid. Specifically, the class Plaintiffs seek to certify is defined as:

> a. NY WARN Act Class: All former The Body Shop employees throughout New York State who were not given a minimum of 90 days' written notice of termination and whose employment was terminated as a result of a "mass layoff" or "plant closing" as defined by the New York State Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law § 860 et seq.

31. Defendant is subject to personal jurisdiction in New York because Defendant transacts business in New York.

32. At all relevant times, Defendant was a business authorized to conduct business in the State of New York.

33. At all relevant times, Defendant maintained an office or facility in New York at 5375 Kings Plz Space #2230, Brooklyn, NY 11234.

34. Plaintiff Kenya Carrington is an adult, individual and resident of the State of New York, County of Kings.

35. Plaintiff Brittney Alexander is an adult, individual, and resident of the State of New York, County of Kings.

36. In or about March 1, 2024, Defendant employed more than 28 people in New York.

37. Plaintiff Carrington worked for Defendant as a Key Holder.

38. Plaintiff Alexander worked as a Part Time Key Holder.

39. On March 1, 2024, Defendant transmitted a letter to multiple government officials in New York stating that 28 employees would be terminated as a result of a Bankruptcy effective March 1, 2024.

40. Defendant employed more than 28 full time employees in New York at the time.

41. This resulted in a loss of employment for at least 100% of the Defendant's New York workforce.

42. The precise number of employees terminated from each of Defendant's sites of employment is reflected in records maintained by Defendant.

43. Prior to their terminations, Plaintiff and the other Class members did not receive written notice at least 90 days in advance of the termination of their employment.

44. Prior to their terminations, Plaintiff and the Class members did not receive as much notice as practicable under the circumstances.

45. The common questions of law and fact arise from and concern the following, among others: that all NY WARN Act Class members enjoyed the protection of the NY WARN Act; that all Class members were employees of the Defendant; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of the members of the Class without giving them at least 90 days' prior written notice as required by the NY WARN Act; that the Defendant failed to pay the Class members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

46. Plaintiffs' claims are typical of the claims of the other members of the Class in

that for each of the several acts of Defendant described above, Plaintiffs and the other Class members are an injured party with respect to his/her rights under the NY WARN Act.

47. Plaintiffs will fairly and adequately protect and represent the interests of the Class Members.

48. Plaintiffs have the time and resources to prosecute this action.

49. The Plaintiffs have retained the undersigned counsel who have experience litigating WARN Act claims, employee rights' claims and other claims in New York State Court and in federal court.

50. The Class is so numerous as to render joinder of all members impracticable in that there are at least 28 employees, but likely over 40, in New York State based on the number of stores operated by Defendant in the state.

51. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53. No Class member has an interest in individually controlling the prosecution of a separate action under the NY WARN Act.

54. No litigation concerning the NY WARN Act rights of any Class member has been commenced.

55. Concentrating all the potential litigation concerning the rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

56. On information and belief, the names of all the Class members are contained in

Defendant's books and records.

57. On information and belief, a recent residence address of each of the Class members is contained in Defendant's books and records.

58. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

### AS AND FOR A FIRST CAUSE OF ACTION
*Federal WARN ACT*

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

61. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

62. Defendants constituted a "single employer" of the Plaintiff and the Class Members under the WARN Act in that, among other things: (a) The Defendants shared common ownership; (b) The Defendants shared common officers and directors; (c) All of the Defendants exercised de facto control over the labor practices governing the Plaintiff and Class Members, including the decision to order the mass layoff or plant closing at the Facilities; (d) There was a unity of personnel policies emanating from a common source between Defendants; and (e) There was a dependency of operations between Defendants.

63. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

64. Starting on or about February 1, 2024, Defendants ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

65. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as 33% of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

66. Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Facilities.

67. Plaintiffs and the Class Members are "affected employees" of the Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

68. Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

69. Defendants failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

70. Plaintiffs, and each of the Class Members are, "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

71. Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

72. The relief sought in this proceeding is equitable in nature.

## AS AND FOR A SECOND CAUSE OF ACTION
*NY WARN Act, N.Y. Lab. Law § 860 et seq.*

73. Plaintiffs repeat and re-allege each and every allegation made in the above paragraphs of this complaint as if the same were set forth herein fully at length.

74. Plaintiffs and the Putative Class suffered an "Employment loss" as defined in NYLL Section 860-a (2), because they suffered "an employment termination, other than a discharge for cause."

75. Defendant is an "Employer" as per NYLL Section 860-a (3), because it is a business enterprise that employs fifty or more employees, excluding part-time employees, or fifty or more employees that work in the aggregate at least two thousand hours per week."

76. There occurred here a "Mass layoff" as defined in 860-a (4) because the cost cutting measures of defendant in fact resulted in a results in an employment loss at a single site of employment during any thirty-day period for: (i) at least thirty-three percent of the employees (excluding part-time employees); and (ii) at least twenty-five employees (excluding part-time employees).

77. Defendants violated the NY WARN Act by failing to provide a ninety (90) day notice to employees prior to closing a site of employment, or one or more facilities or operating units within a single site of employment which resulted in twenty-five (25) or more employees losing employment.

78. Plaintiff and all similarly situated individuals working for Defendants in New York were damaged by Defendant's violation of the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Certification of this action as a class action; and

B. Designation of the Plaintiffs as a Class Representative; and

C. Appointment of the undersigned attorneys as Class Counsel; and

D. In favor of the Plaintiff and each other Class member against the Defendant for all amounts permitted under federal and state WARN ACTS, including backpay for the violation period, including wages, salary, commissions, bonuses, accrued pay for vacation and personal days; pension, 401(k) contributions, health and medical insurance and other fringe benefits; and medical expenses incurred following the respective termination that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period;

E. An award in favor of the Plaintiffs for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Acts,

F. Interest allowed by law;

G. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial of all issues that may be so tried.

Dated: New York, New York
   March 10, 2024

          **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com